```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                          LAREDO DIVISION

GENARO GARZA,                     §
                                  §
          Plaintiff,              §
vs.                               §
                                  §   Civil Action No. L-09-8
                                  §
AMERICAN CAMPUS COMMUNITIES       §
SERVICES, INC.,                   §
                                  §
          Defendant.              §
```

## MEMORANDUM AND ORDER

Pending is Defendant's motion to dismiss under Rule 12(b)(5) and 12(b)(6), Fed. R. Civ. P. (Dkt. 15.) As noted in the July 19, 2010 order, (Dkt. 16.) the Court has considered documents extraneous to the pleadings, thereby converting the 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment.

## FACTUAL BACKGROUND

The parties agree that in October, 1997, Defendant American Campus Communities Services, Inc. ("ACCS") hired Plaintiff Genaro Garza as a maintenance supervisor, and that on March 11, 2008, Garza's employment was terminated. (Dkt. 9, Am. Compl., at 2; Dkt. 15, Def.'s Mot. Dismiss, at 2.) Shortly after his termination, Garza filed a charge against ACCS with the Equal Employment Opportunity Commission ("EEOC") alleging a violation of the Age Discrimination in Employment Act ("ADEA"). (Dkt. 15,

1

at 2.) On October 16, 2008, the EEOC issued a Dismissal and Notice of Rights.[1] (Id.; Dkt. 3, Ex. A-3.) The notice informed Garza that the EEOC was unable to conclude that ACCS violated the ADEA and that he could bring suit against ACCS within 90 days of receipt of the notice.[2] (Dkt. 3, Ex. A-3); see also 29 U.S.C. § 626(e).

On January 13, 2009, 89 days from EEOC's issuance of the Dismissal and Notice of Rights, Garza filed a complaint against ACCS's subsidiary, American Campus (Laredo) Ltd. ("ACL"). (Dkt. 1., Original Compl.) The complaint alleged, inter alia, that Garza began working for ACL in 1997 and that he was fired on March 11, 2008, in violation of the ADEA. (Id. at 2–3.)

On March 9, 2009, ACL filed a motion to dismiss Garza's claim pursuant to Rule 12(b)(1). (Dkt. 3.) ACL noted that ACCS and ACL are separate legal entities, and that while Plaintiff had filed an EEOC charge against ACCS, he had not filed a charge against ACL. (Dkt. 3, at 2, 5.) Because filing an EEOC charge is a statutory prerequisite to filing suit under the ADEA, see 29 U.S.C. § 626(d), ACL argued that the Court lacked subject-matter jurisdiction. (Dkt. 3, at 5.) In his response, Plaintiff

---

[1] The EEOC Dismissal and Notice of Rights is referred to as a "right to sue" letter in various pleadings.

[2] There is nothing in the record showing when Garza actually received the notice. Nevertheless, because Garza filed suit within 90 days of issuance of the notice, he necessarily satisfied the time requirement.

requested leave to amend his complaint to add ACCS as a defendant and promised, upon amending, to dismiss the claims against ACL. (Dkt. 5, Pl.'s Resp., at 2.)

On August 28, 2009, the Court, noting that the undisputed facts in the record showed that Garza had no viable claim against ACL, granted ACL's motion to dismiss.[3] (Dkt. 7, Ct.'s Order.) The Court also granted Garza leave to amend. (Id.) On September 22, 2009, Garza filed an amended complaint naming ACCS as defendant. (Dkt. 9.) ACCS filed the pending motion to dismiss on November 2, 2009. (Dkt. 15.)

## DISCUSSION

ACCS moves for dismissal under Rule 12(b)(5) and 12(b)(6). (Dkt. 15) As noted above, Defendant's 12(b)(6) motion to dismiss has been converted to a Rule 56 motion for summary judgment. (Dkt. 16, Ct.'s Order.)

A. ACCS's Motion for Summary Judgment

The Court should render summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also Celotex Corp.

---

[3] The Court did not address whether Garza's failure to file a charge with the EEOC against ACL deprived the Court of subject matter jurisdiction. (Dkt. 7.)

v. Catrett, 477 U.S. 317, 322-23 (1986); Lafleur v. La. Health Serv. & Indem. Co., 563 F.3d 148, 153 (5th Cir. 2009). In determining whether a fact issue exists, the Court views "the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co., 336 F.3d 410, 412 (5th Cir. 2003).

ACCS's sole summary judgment argument is that Garza's claim is barred by the statute of limitations. ACCS notes that the EEOC issued the Dismissal and Notice of Rights on October 16, 2008, and that, under federal law, Garza had 90 days from receipt of the notice to file suit. (Dkt. 15, at 4-5); see also 29 U.S.C. § 626(e). Because Garza filed suit against ACL, but not ACCS, within the 90-day window, ACCS argues that the statute of limitations has expired. (Dkt. 15, at 5.) According to ACCS, Garza's amended complaint naming ACCS as defendant does not relate back to the date of the original complaint against ACL. (Id.) Of course, if the amended complaint does relate back, Garza will have filed within the limitations period.

The relation back of amended pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, an amendment to a pleading that changes the party relates back to the date of the original pleading when: (1) the amendment asserts a claim or defense that arose out of the conduct,

4

transaction, or occurrence set out in the original pleading; (2) within the period provided by Rule 4(m), Fed. R. Civ. P. for serving the summons and complaint, the party to be brought in by the amendment received such notice of the action that it will not be prejudiced in defending on the merits; and (3) within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C).

The first of the above elements is clearly satisfied. The original and amended complaints recite the same facts and set forth the same claim. (Dkt. 1; Dkt. 9). Indeed, other than naming a different defendant, the original and amended complaints are identical.

The second element is also satisfied and is not contested by ACCS. (Dkt. 15.) On March 9, 2009, ACL filed a motion to dismiss Garza's original complaint. (Dkt. 3.) ACL attached to the motion the March 8, 2009 declaration of Ronald Weaver, the Vice President of Human Resources for ACCS. (Dkt. 3, Ex. A.) In his declaration, Mr. Weaver acknowledged that ACCS was aware of Garza's January 13, 2009 complaint against its subsidiary, ACL. (Id. at 2.) Rule 4(m) provides that a plaintiff ordinarily has 120 days from the time the complaint is filed to serve defendant

with the summons and complaint. Fed. R. Civ. P. 4(m). Thus, ACCS had notice of Garza's suit within the Rule 4(m) period and would not be prejudiced from defending on the merits.

ACCS argues, however, that the third of the above elements is not satisfied (Dkt. 15, at 5.) According to ACCS, for an amended pleading that adds a new party to relate back to the original pleading, the "Plaintiff must show that he failed to name the proper party due to a 'mistake concerning the proper party's identity.'" (Id.) However, ACCS's focus on what Plaintiff did or did not know is misguided. In a recent opinion discussing the relation back of an amended complaint, the Supreme Court made clear that "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." Krupski v. Costa Crociere S.P.A., 130 S. Ct. 2485, 2493 (2010).

Thus, the third element turns on whether, within 120 days of Garza's filing the original complaint, *ACCS* "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). In Krupski, the Supreme Court defined mistake, for the purpose of this rule, as "[a]n error, misconception, or misunderstanding; an erroneous belief."

6

Krupski, 130 S. Ct. at 2494 (quoting BLACK'S LAW DICTIONARY 1092 (9th ed. 2009)).

There are several reasons ACCS either knew or should have known that it would have been named as the defendant in the lawsuit but for Garza's mistake regarding the proper party's identity. First, the allegations of facts in Garza's original complaint made clear that Garza intended to sue the company that hired him in 1997 and fired him on March 11, 2008. (Dkt. 1, at 2.) ACCS knew that it, not ACL, had employed and fired Garza. (Dkt. 3, Ex. A, at 2.)

The timing of Garza's original complaint also suggests that ACCS knew or should have known that Garza made a mistake concerning the proper party's identity. ACCS received the EEOC Dismissal and Notice of Rights and therefore knew that Garza had until on or around January 14, 2009[4] to file his ADEA claim against ACCS. (Dkt. 3, Ex. A, at 2; Dkt. 3, Ex. A-3.) The fact that Garza filed his original complaint against ACL on January 13, 2009, alleging a violation of the ADEA and reciting facts that described Garza's employment with ACCS, should have

---

[4] As discussed above, Garza had 90 days from *receipt* of the EEOC notice to file suit. Though the notice is marked as issued on October 16, 2008, there is nothing in the record showing when Garza actually received the notice. If Garza received the notice on the day it issued, he would have had until January 14, 2009 to file a claim against ACCS.

informed ACCS that Garza was mistaken with respect to the proper party's identity.

Finally, ACL is ACCS's subsidiary, and both companies have similar names. (Dkt. 15, at 2.) In Krupski, the Supreme Court explained that this "interrelationship and similarity" increases the expectation that ACCS suspect a mistake has been made when ACL, its subsidiary, is named in a complaint that actually describes ACCS's activities. Krupski, 130 S. Ct. at 2498. This heightened standard further supports the Court's conclusion that ACCS either knew or should have known that the claim would have been filed against it but for Garza's mistake concerning the proper party's identity.

ACCS argues that Garza was aware of its role and existence, and deliberately chose to assert his claim against ACL. (Dkt. 15, at 5; Dkt. 17, Def.'s Comment on Krupski, at 3.) As earlier noted, however, Rule 15(c)(1)(C)(ii) turns on what the *defendant* knew or should have known during the Rule 4(m) period. See Krupski, 130 S. Ct. at 2493-94 ("Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity.").

ACCS does not provide any rational reason for having believed that Garza, knowing he was employed and fired by ACCS, would deliberately sue ACL, an entity for which he never worked.

8

The Supreme Court rejected a similar argument in Krupski. Krupski, 130 S. Ct. at 2497 (noting defendant's assertion that it believed the plaintiff had deliberately sued another entity, but observing that defendant had "articulated no strategy that it could reasonably have thought [plaintiff] was pursuing in suing a defendant that was legally unable to provide relief").

B. ACCS's 12(b)(5) Motion to Dismiss

ACCS also moves for dismissal under Rule 12(b)(5) for insufficient service of process. (Dkt. 15, at 3.) An amended complaint naming a party who has not yet appeared in the case must be served in accordance with Rule 4 of the Federal Rules of Civil Procedure. Ransom v. Brennan, 437 F.2d 513, 518 (5th Cir. 1971); see also 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1146 (3d ed. 2010). As stated earlier, Rule 4(m) provides that a defendant must be served within 120 days after the plaintiff files the complaint. Fed. R. Civ. P. 4(m).

Garza filed his amended complaint on September 22, 2009. (Dkt. 9.) On September 28, 2009, the Court directed Garza to secure issuance of summons and execute service on ACCS by October 13, 2009. (Dkt. 10.) ACCS points out that though Garza mailed a copy of the summons and amended complaint on October 13, 2009, they were not received by ACCS until October 14. (Dkt. 15, at 3.) The Court is satisfied that Plaintiff has

9

substantially complied with its September 28 Order, and service was well within Rule 4(m)'s 120-day requirement. Dismissal would be unwarranted.

## CONCLUSION

For all the foregoing reasons, ACCS's motion for summary judgment (Dkt. 15) is DENIED. ACCS's motion to dismiss under Rule 12(b)(5) (Dkt. 15) is also DENIED. The docket sheet reflects that, apart from the issue of the proper defendant, nothing of substance has occurred in this case after it was filed early last year. The case is now REFERRED to Magistrate Judge Saldaña to set prompt pretrial deadlines.

DONE at Laredo, Texas, this 8th day of September, 2010.

_____
George P. Kazen
Senior United States District Judge